**No. 64139.**—Hoyt, Shepston & Sciaroni and The Denticator Co., Inc., et al. *v.* United States, protests 59/6318, etc.   (San Francisco).

WILSON, Judge:   The protests in this case were consolidated for trial and will be considered together in this opinion. The merchandise in question consists of tufts of horsehair bristles inserted into and bound together by metal ferrules (plaintiffs' illustrative exhibits 1 and 2). In its imported condition, the merchandise has the appearance of small brushes without handles in some of which the hairs or bristles are tapered, while in others the hair bristles are open or flat. It was stipulated that the merchandise as imported is in chief value of horsehair (R. 6).

The importations were classified under paragraph 1525 of the Tariff Act of 1930, as modified, *infra*, as manufactures of horsehair, the rate of duty assessed being 38 per centum on the items entered prior to June 30, 1957, and 36 per centum on the merchandise entered following that date. Plaintiffs claim that the merchandise is properly dutiable at 3 cents per pound under paragraph 1507 of the Tariff Act of 1930, as "Bristles, sorted, bunched, or prepared," or, alternatively, under paragraph 359 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, and T.D. 52820, at 17 per centum ad valorem as "Dental instruments, and parts thereof, * * * wholly or in part of iron, * * * or other metal, * * *." Plaintiffs apparently rely, however, entirely upon the claim for classification under paragraph 359, as modified, *supra*, since that is the only claim urged in their brief and the claim toward which plaintiffs' evidence was directed.

The relevant provisions of the tariff act under consideration are as follows:

Paragraph 1525 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108:

Cloths, and all other manufactures of every description, wholly or in chief value of cattle hair, goat hair, or horsehair, not specially provided for_____ 38% or 36% ad val.

Paragraph 359 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, made effective by T.D. 52820:

Dental instruments, and parts thereof, including hypodermic needles, hypodermic syringes, and forceps, wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal, finished or unfinished, but not in chief value of glass:

* * * * * * *

Other_____ 17½% ad val.

The Government offered no evidence in these cases and filed herein a notice to the effect that it would not present a brief.

There were received in evidence several samples illustrative of the imported merchandise. Plaintiffs' illustrative exhibit 1 consists of a horsehair tuft, and plaintiffs' illustrative exhibit 2 consists of a tapered horsehair tuft (R. 5). Plaintiffs' exhibit 3 consists of a horsehair tuft inserted into a rubber socket (R. 11). Plaintiffs' exhibit 4 consists of a rotary dental hand piece or holder, into which the horsehair tuft with rubber socket base is inserted (R. 12).

The plaintiffs called one witness, Ralph C. Lombard, general manager of the plaintiff Denticator Co., Inc., who had had approximately 35 years' experience in the dental supply business. From the testimony of this witness and from the exhibits in the case, it clearly appears that the merchandise is manufactured abroad, according to the specifications of a patent (plaintiffs' exhibit 5, issued to Dr. A. D. Wiseman, president of the plaintiff Denticator Co., Inc.); that the little tufts of horsehair secured at one end by a metal ferrule (plaintiffs' illustrative exhibits 1 and 2), having the appearance of small brushes, are manufactured expressly for distribution in the dental supply business to be used in the dental profession when they are inserted into a rubber socket, as shown in plaintiffs' exhibit 3, and attached to a holder, represented by plaintiffs' exhibit 4. They are really used in the prophylactic division of the dental profession with abrasive substances to clean teeth (R. 11). They are never used as a toothbrush by individuals but are used exclusively by dentists. The merchandise as imported has no other use except to be assembled with the rubber socket and holder for use, as hereinbefore explained (R. 9–10).

It would appear that the imported merchandise consists of unfinished dental brushes in part of metal, which are inserted into a rubber socket and subsequently used exclusively on dental rotary hand pieces for cleaning teeth. As such, the imported items are essential to the functioning of the dental hand pieces for the indicated purpose. Plaintiffs' witness knew of no other use for the imported merchandise other than that hereinabove set forth, and the record discloses none (R. 31). These imported horsehair tufts with metal ferrules being thus dedicated solely for use with the above-referred-to dental rotary handles meet the definition of "parts" of the complete instrument to which they are attached. *United States* v. *Carl Zeiss, Inc.*, 24 C.C.P.A. (Customs) 145, T.D. 48624; *United States* v. *Antonio Pompeo*, 43 C.C.P.A. (Customs) 9, C.A.D. 602; *United States* v. *Kimball Dental Manufacturing Co.*, 18 C.C.P.A. (Customs) 289, T.D. 44502.

For the reasons above stated and upon the record here presented, we find the articles herein involved are properly classifiable under paragraph 359 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, supplemented by T.D. 52820, as "Dental instruments, and parts thereof, including hypodermic needles, * * * wholly or in part of iron, * * * or other metal, finished or unfinished, * * *: Other," at the rate of 17½ per centum ad valorem, as claimed.

The protests are sustained. Judgment will be entered accordingly.